UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. **5:26-cv-02749-DMG-MAR** Date: October 29, 2026

Title: *Angel Eliezer Padilla Vargas v. People of The State of California*

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| ERICA VALENCIA | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNEXHAUSTED; ORDER RE: REQUEST FOR COUNSEL**

## I. INTRODUCTION

Petitioner, Angel Eliezer Padilla Vargas ("Petitioner"), proceeding pro se, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his 2024 conviction. ECF Docket No. ("Dkt.") 1. Petitioner admits that his claims have not been presented to the state supreme court and states this is because his attorney refused to file a petition for case review. Id. at 1–2. Petitioner requests that the Court allow him to file a Petition for Case Review and/or a Writ for Federal Habeas Corpus. However, Petitioner does not indicate that he is attempting to exhaust his claims in state court through a habeas petition. Id. Accordingly, some or all of Petitioner's claims appear subject to dismissal. The Court will not make a final determination regarding whether the claims should be dismissed, however, without giving Petitioner an opportunity to supplement his request for a stay or file an amended petition.

## II. EXHAUSTION

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a petitioner must fairly present his or her federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam). A petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both

"adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

Here, Petitioner concedes his claims have not been presented to the California Supreme Court. Dkt. 1 at 1–2. Petitioner requests the Court consider his habeas petition anyway. The Court interprets the request as a request for a stay, however it is not clear that Petitioner is entitled to a stay, especially because Petitioner does not present any claims under which he seeks relief except, perhaps, a claim for ineffective assistance of appellate counsel. See Pet. at 2. While Petitioner attaches the state court appellate decision affirming his conviction, it is not clear whether Petitioner intends to raise in this Petition the claims raised at the appellate level or whether he intends to bring other claims.

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78. The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the unexhausted claim in state court. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

Under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court. 315 F.3d at 1070-71. Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135. A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1170-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d at 661).

While a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA. 28 U.S.C. § 2244(d)(1); see also King, 564 F.3d at 1140-41 ("A petitioner seeking to use the Kelly procedure will be able to amend his [or her] unexhausted claims back into his federal petition once he [or she] has exhausted them only if those

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. **5:26-cv-02749-DMG-MAR** Date: October 29, 2026

Title: *Angel Eliezer Padilla Vargas v. People of The State of California*

claims are determined to be timely."). After expiration of the AEDPA limitations period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (internal citations omitted).

The Court is unable to determine whether each unexhausted claim is not "plainly meritless," as is required for a Rhines stay because the Court cannot discern what claims Petitioner is attempting to bring in the current Petition. If Petitioner wishes to obtain a stay in this matter to allow him to exhaust unexhausted claims in state court, such as by filing a habeas petition before the state court, Petitioner shall file a response to this Order indicating the claims he wishes to bring in this Petition and describing the good cause for the requested stay.

## IV.
## ORDER

Thus, the Court **ORDERS** Petitioner to respond to this Order to Show Cause **no later than November 24, 2026** by electing one of the following options:

1. Request a Rhines stay and file a supplemental brief explaining what claims Petitioner wishes to stay and why a Rhines stay is appropriate; or

3. File a First Amended Petition, detailing the claims Petitioner intends to bring and demonstrating why he is entitled to a stay.

If Petitioner fails to demonstrate he is entitled to a stay, **or fails to respond by November 24, 2026**, the Court may recommend that the Petition be dismissed.

**IT IS SO ORDERED.**

:

**Initials of Preparer** ev

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Plaintiff(s),<br>v.<br>Defendant(s). | CASE NUMBER<br><br>**NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) ______________________________ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) ______________________________ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) ______________________________ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) ______________________________

______________________________
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by ______________________________.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

______________________ ______________________________
*Date* *Signature of Attorney/Party*

***NOTE: F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.***

***F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.***